**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>STEPHANIE A. GALLAGHER<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7780<br>Fax (410) 962-1812 |

January 10, 2013

LETTER TO COUNSEL

      RE:    *Bernard Sturtevant v. Commissioner, Social Security*;
              Civil No. SAG-11-2145

Dear Counsel:

      On August 2, 2011, the Plaintiff, Bernard Sturtevant, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI"). ECF No. 1. I have considered the parties' cross-motions for summary judgment. ECF Nos. 15, 16. I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). I am upholding the agency's decision, and I am writing this letter to explain my rationale.

      The Appeals Council denied Mr. Sturtevant's request for review, (Tr. 1-3), so the decision of the Administrative Law Judge ("ALJ") is the final, reviewable decision of the agency. Mr. Sturtevant filed a claim for benefits on February 9, 2009, claiming disability due to sciatica pain in his back and left hip. (Tr. 124, 140). Mr. Sturtevant alleged that he became disabled on March 24, 2008. (Tr. 124).

      Mr. Sturtevant presents two arguments on appeal. First, he contends that the ALJ erred in concluding that he had the residual functional capacity to perform light work. Pl. Mot. 6. Second, he argues that the ALJ failed to consider whether his alleged obesity, glaucoma, and sleep apnea were severe impairments. Pl. Mot. 8-9. Each argument lacks merit.

      Mr. Sturtevant argues that the ALJ erred in finding that he could perform light work because the ALJ did not afford appropriate weight to the opinion of the consultative physician, Dr. Darioush Nasseri. Dr. Nasseri examined Mr. Sturtevant and completed a report on November 9, 2009, in which he opined that Mr. Sturtevant could not perform more than sedentary work, and that he was unable to bend, squat, kneel, crawl, lift or carry anything heavier than 20 pounds frequently. (Tr. 316-17). While the ALJ may generally give more weight to an examining physician's opinion, *see* 20 C.F.R. §§ 404.1527(d)(1), 416.927(d)(1), where an examining physician's opinion is not supported by clinical evidence or is inconsistent with other substantial evidence, it should be accorded significantly less weight. *Craig*, 76 F.3d at 590; 20 C.F.R. § 404.1527(e); SSR 96–5p. In this case, the ALJ considered Dr. Nasseri's opinion, but

*Bernard Sturtevant v. Commissioner, Social Security*;
Civil No. SAG-11-2145
January 10, 2013
Page 2

rejected it as "overly restrictive and . . . not supported by Dr. Nasseri's physical examination of the claimant." (Tr. 19).

The ALJ appropriately determined that Dr. Nasseri's opinion was inconsistent with other substantial evidence in the record. Specifically, the ALJ cited the medical records documenting the physical examinations and treatment Mr. Sturtevant received at JAI Medical Center, and the physical residual functional capacity reports completed by Dr. Hollis Seunarine in June, 2008 and Dr. M. Ahn in November, 2009.[1] (Tr. 318-25, 402-05). Mr. Sturtevant's treatment at JAI Medical Center spanned from June, 2008 through September, 2010. (Tr. 401-22). During office visits, he reported back pain, fatigue, knee stiffness, and cloudy vision. The office notes reflect that while Mr. Sturtevant often complained of knee and back pain, he refused pain medication and physical therapy, and refused to take his lipid medication as prescribed. (Tr. 412, 415, 417, 419).

In addition to his consideration of the conflicting medical evidence, the ALJ specifically considered Mr. Sturtevant's testimony and found it to be only partially credible. (Tr. 19). The ALJ determined that Mr. Sturtevant's "statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." (Tr. 19). Specifically, the ALJ noted that despite allegations of disabling back pain, Mr. Sturtevant was only taking low dose medications on a sporadic basis. (Tr. 16). The ALJ also noted internal inconsistencies in Mr. Sturtevant's testimony. (Tr. 19).

When conflicting evidence is presented, the ALJ retains the discretion to resolve such inconsistencies. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). The ALJ therefore was within his discretion to give Dr. Nasseri's opinion less than controlling weight. The ALJ's ultimate conclusion that Mr. Sturtevant retained the residual functional capacity to perform light work with additional limitations, though out of step with the opinion of Dr. Nasseri, was supported by substantial evidence.

Mr. Sturtevant further submits that the ALJ erred by failing to categorize his obesity, alleged glaucoma, and sleep apnea as severe. Mr. Sturtevant's arguments are undermined by his own testimony. Pursuant to Social Security Ruling ("SSR") 02-1p, obesity is a severe impairment "when, alone or in combination with another medically determinable physical or mental impairment(s), it significantly limits an individual's physical or mental ability to do basic

---

[1] Dr. Seunarine, a treating physician at JAI Medical Center, opined that Mr. Sturtevant could lift/carry 25 pounds frequently. (Tr. 403). She further indicated that while Mr. Sturtevant's medical condition was expected to last at least twelve months, his medical condition was not expected to limit his ability to work in some settings. (Tr. 405). Dr. Ahn, a state agency reviewing physician, opined in a form that Mr. Sturtevant could occasionally lift 20 pounds, frequently lift 10 pounds, stand or walk for 6 hours a day, sit for about 6 hours a day, engage in unlimited pushing/pulling, climb ramps and stairs occasionally but never ladders, ropes, or scaffolds, and could balance, stoop, kneel, crouch, and crawl occasionally. (Tr. 319-321).

*Bernard Sturtevant v. Commissioner, Social Security*;
Civil No. SAG-11-2145
January 10, 2013
Page 3

work activities." While Mr. Sturtevant correctly notes that his BMI of 35 places him at a level II of obesity, "[t]here is no specific level of weight or BMI that equates with a 'severe' or a 'not severe' impairment." SSR 02-1p. Rather, the impact of obesity on an individual's functioning is assessed on a case-by-case basis. *Id.* Mr. Sturtevant testified that "when my weight's down then I'm better off." (Tr. 41). Mr. Sturtevant also admitted that his doctors never said anything to him about ill effects from his weight. *Id.* Mr. Sturtevant also testified that he walks on a daily basis, reads for several hours four or five days a week at his local library, and that he now has eyeglasses which help with his vision. (Tr. 35-36). Finally, when asked about glaucoma and sleep apnea, Mr. Sturtevant testified that he has never been diagnosed with glaucoma or sleep apnea. (Tr. 38). Although he contends that he has been unable to obtain the diagnoses because he has limited medical insurance, Pl. Mot. 9, Mr. Sturtevant has seen physicians for various medical concerns, including his visual issues. The record does not evidence an inability to afford evaluation for the impairments in question. In this case, substantial evidence supports the ALJ's determination, and he applied the proper legal standards to his analysis. His opinion therefore will be upheld.

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF No. 15, will be **DENIED** and Defendant's motion for summary judgment, ECF No. 16, will be **GRANTED**.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge